UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>25-CR-20102-RUIZ</u>

UNITED STATES OF AMERICA

vs.

JOSE EZEQUIEL GAMEZ-MARAVILLA et al.

        **Defendants.**

_____/

**UNITED STATES OF AMERICA'S UNOPPOSED MOTION FOR PROTECTIVE ORDER REGULATING DISCLOSURE OF SENSITIVE <u>INFORMATION TO DEFENDANT KEVIN RICARDO GAMEZ-MELENDEZ</u>**

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America moves this Court, without opposition, to enter the attached Protective Order regulating the disclosure of discovery materials to Defendants Jose Ezequiel Gamez-Maravilla, Hugo Adiel Bermudez-Martinez, and Wilber Rosendo Navarro-Escobar (hereinafter, the "Defendants.")

**BACKGROUND**

This is an investigation into the criminal activity of MS-13, a violent, transnational criminal organization responsible for murders, drug trafficking, and other crimes in the Southern District of Florida and elsewhere. MS-13 members and associates are located throughout the United States, including in New York, Virginia, Maryland, Florida, Minnesota, and California.

On March 6, 2025, a federal grand jury in the Southern District of Florida returned an indictment charging the Defendants with a single count of Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(1) and § 2. The Defendants made their initial appearances in this District starting on March 18, 2025. All of the Defendants have stipulated to pretrial detention with the right to revisit. All three Defendants have been arraigned, and the Court has issued the Standing Discovery Order. (DE: 16, 28, 33).

1

The discovery materials in this case are voluminous and include several categories of "Sensitive Information," warranting the entry of the attached Protective Order. Such materials include: the personal identifying information of the murdered victim and his family; medical reports related to the victim's death; photographs of the murdered victim; reports and recordings related to statements made by potential witnesses; and reports and recordings that reveal the subjects of ongoing, non-public investigations.

Considering the nature of this Sensitive Information and its relation to a violent criminal organization with members and associates around the country, the unchecked, unregulated use and dissemination of the discovery materials could jeopardize the safety of potential witnesses; would compromise the privacy of the victim and his family, including by revealing medical information related to the victim's death; and could risk the integrity of ongoing, non-public investigations by alerting potential subjects and giving them an opportunity to flee from prosecution, destroy or tamper with evidence, or change patterns of behavior. The government will attempt to ameliorate those dangers by redacting Sensitive Information from the discovery materials, but such efforts are not foolproof. Not only are the discovery materials voluminous, but some materials are not readily subject to redaction, such as recordings that would likely immediately reveal the identity of the speakers, thereby placing them in potential danger. Accordingly, to ensure the protection of the Sensitive Information and the integrity of these proceedings, the government requests that the Court enter the proposed Protective Order, which provides:

(1) The government is authorized to disclose Sensitive Information in its possession that the government believes necessary to comply with the discovery obligations imposed by this Court.

(2) The government may designate any portion of discovery that includes Sensitive Information as "Confidential." With respect to discovery marked as Confidential, the following rules govern:

(a) Counsel of record for the Defendants shall hold the Confidential portion of the discovery in the strictest confidence. Defense counsel must restrict access to such discovery and must implement procedures to ensure such discovery is not accessed without permission.

(b) Counsel of record for the Defendants may disclose the Confidential portion of the discovery only to their client, employees, retained consultants and investigators, and retained expert witnesses, and only to the extent defense counsel believe the disclosure is necessary to assist in the defense of their client in these proceedings, and only in a manner that will prohibit the disclosure of such discovery to other persons not involved in the defense. Defense counsel may not disclose the Confidential portion of the discovery to any other person without prior Court approval.

(c) Counsel of record for the Defendants shall advise any person to whom the Confidential portion of the discovery is disclosed that such information must be held in the strictest confidence, and that further disclosure or dissemination is prohibited without defense counsel's express written consent.

(d) Counsel of record for the Defendants shall provide a copy of the Protective Order to each person to whom the Confidential portion of the discovery is disclosed, and must obtain a written certification from each person, excluding employees of the defense counsel, in which the recipient (a) acknowledges these restrictions as set forth in the Protective Order of the Court, and (b) agrees that they will not disclose or disseminate the

information without express written consent of defense counsel. Defense counsel shall keep a copy of each certification to identify the individuals who received the Confidential portion of the discovery and the date on which such information was first disclosed.

(e) Any defense expert witness to whom a disclosure of the Confidential portion of the discovery was made shall promptly destroy or return, to defense counsel, such discovery once the expert no longer requires access to or possession of such materials to assist in the preparation of the case.

(f) Counsel of record for the Defendants agree that, upon conclusion of the above captioned case,[1] copies of the Confidential portion of the discovery disclosed to defense counsel pursuant to the terms of the Protective Order shall be destroyed or returned to the United States.

(g) In any public filing prior to trial, as well as during any pre-trial and post-trial court proceedings, counsel for the Defendant(s) and the government shall refer to any witnesses, not already identified on the record, only by their initials. Should either party need to file something with the Court that would have the effect of identifying any of the witnesses by name, such filings must be submitted to the Court under seal.

(h) Counsel for the government and for the Defendant(s) shall promptly report any known violations of the Court's order to the Court.

## ANALYSIS AND MEMORANDUM OF LAW

Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for such actions.

---

[1] This shall mean the period at the conclusion of any appellate and Section 2255 proceedings, if any, or upon expiration of the deadline for initiating appellate or Section 2255 proceedings.

Indeed, the Supreme Court has instructed that a trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). The proposed Protective Order is appropriate in this case.

For starters, the proposed Protective Order does not impair the defense. It neither denies nor delays the disclosure of information required by Rule 16 or the Standing Discovery Order. Its restrictions are not burdensome, and they do not interfere with defense counsel's ability to adequately prepare a defense, to relate information to those necessary for such preparations, and to retain experts in aid of the defense. Each restriction is, instead, tailored to its animating interest, and each interest is in turn sound and well-recognized in criminal law: limitations on the disclosure of personal identifying information; rights afforded to victims; the protection of witnesses and confidential sources; and society's interest in disabling crime, capturing criminals, and ensuring the integrity of ongoing criminal investigations. *See, e.g.*, *United States v. Fischel*, 686 F.2d1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses"). Courts routinely enter orders recognizing those interests and limiting the use of discovery to the case at hand. *See, e.g.*, *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation.  That is why the partes regularly agree, and courts often order, that discovery will remain private."); *United States v. Gangi*, No. 97 CR 1215(DC) 1998 WL 226196, at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action").  This case should be no exception.

Accordingly, and given the foregoing authority, this Court should enter the attached proposed Protective Order. Counsel for the government, moreover, has conferred with counsel of record for the Defendants, and they do not object to entry of the proposed Protective Order.

## CONCLUSION

For those reasons, this Court should grant the Government's Unopposed Motion for a Protective Order.

                HAYDEN P. O'BYRNE
                UNITED STATES ATTORNEY

By:   /s/ *Brian Dobbins*_____
       Brian Dobbins
       Assistant United States Attorney
       Court ID No. A5501182
       99 N.E. 4th Street, 5th Floor
       Miami, FL 33132
       Tel: (305) 961-9304
       Email: Brian.Dobbins@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and a copy was emailed to counsel of record for the Defendants.

              /s/ *Brian Dobbins*_____
              Brian Dobbins
              Assistant United States Attorney