UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20102-RAR

UNITED STATES OF AMERICA

vs.

**JOSE EZEQUIEL GAMEZ-MARAVILLA**, *et al.*

Defendants.
_____/

**PROTECTIVE ORDER**

**THIS MATTER** is before the Court on the Government's Unopposed Motion for a Protective Order regulating the disclosure of Confidential Information to the Defendants ("Motion"), [ECF No. 38]. Following review of the Motion, the record, and the governing law, the Court finds good cause and hereby **GRANTS** the Motion. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

(1) The Government is authorized to disclose Sensitive Information in its possession that the Government believes necessary to comply with the discovery obligations imposed by this Court.

(2) The Government may designate any portion of discovery that includes Sensitive Information as "Confidential." With respect to discovery marked as Confidential, the following rules govern:

  (a) Counsel of record for the Defendant(s) shall hold the Confidential portion of the discovery in the strictest confidence. Defense counsel must restrict access to such discovery and must implement procedures to ensure such discovery is not accessed without permission.

(b) Counsel of record for the Defendant(s) may disclose the Confidential portion of the discovery only to their client, employees, retained consultants and investigators, and retained expert witnesses, and only to the extent defense counsel believe the disclosure is necessary to assist in the defense of their client in these proceedings, and only in a manner that will prohibit the disclosure of such discovery to other persons not involved in the defense. Defense counsel may not disclose the Confidential portion of the discovery to any other person without prior Court approval.

(c) Counsel of record for the Defendant(s) shall advise any person to whom the Confidential portion of the discovery is disclosed that such information must be held in the strictest confidence, and that further disclosure or dissemination is prohibited without defense counsel's express written consent.

(d) Counsel of record for the Defendant(s) shall provide a copy of this Protective Order to each person to whom the Confidential portion of the discovery is disclosed, and must obtain a written certification from each person, excluding employees of the defense counsel, in which the recipient (a) acknowledges these restrictions as set forth in the Protective Order of the Court, and (b) agrees that they will not disclose or disseminate the information without express written consent of defense counsel. Defense counsel shall keep a copy of each certification to identify the individuals who received the Confidential portion of the discovery and the date on which such information was first disclosed.

(e) Any defense expert witness to whom a disclosure of the Confidential portion of the discovery was made shall promptly destroy or return, to defense counsel,

such discovery once the expert no longer requires access to or possession of such materials to assist in the preparation of the case.

(f) Counsel of record for each Defendant, counsel's employees, retained consultants and investigators, and retained expert witnesses shall not: make copies of the Confidential Information for any other person other than the Defendant, counsel's employees, consultants, investigators and expert witnesses; take photos of the Confidential Information, manually copy information contained thereon, or otherwise reproduce any information contained within the documents; allow any other person to read or examine the Confidential Information; and use the Confidential Information for any purpose other than preparing to defend against the criminal charges in this matter.

(g) The defense team shall not otherwise disseminate the Confidential Information except as provided by this Order and may not post such information on any social media or internet site, including on the Court's public-filing system.

(h) The Defendants are prohibited from reviewing any Confidential Information outside of their counsel's presence, and the Defendants must return all Confidential Information back to their counsel of record at the conclusion of each meeting. The Defendants shall not make any copies of the Confidential Information, manually or otherwise.

(i) Counsel of record for the Defendant(s) agree that, upon conclusion of the above captioned case, copies of the Confidential portion of the discovery disclosed to defense counsel pursuant to the terms of the Protective Order shall be destroyed or returned to the United States.

(j) In any public filing prior to trial, as well as during any pre-trial and post-trial court proceedings, counsel for the Defendant(s) and the Government shall refer to any witnesses, not already identified on the record, only by their initials. Should either party need to file something with the Court that would have the effect of identifying any of the witnesses by name, such filings must be submitted to the Court under seal.

(k) Counsel for the Government and for the Defendant(s) shall promptly report any known violations of this Protective Order to the Court.

**DONE AND ORDERED** in Miami, Florida, this 5th day of May, 2025.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: All counsel of record